In the Matter of the Claim of HARRY BEACH, Respondent, against THE TRAVELERS INSURANCE COMPANY, Appellant; WILSON & COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.

Award reversed and claim of employer for reimbursement dismissed, with costs against the State Industrial Board, on the ground that the payments made were

voluntary payments of salary and were not advancements of compensation. Hill, P. J., Crapser and Bliss, JJ., concur; Rhodes, J., concurs on the ground that the payments by the employer without notice to the carrier prejudiced the rights of the carrier; Heffernan, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). I dissent from the view of Justice Bliss in this case and vote to affirm the award. The evidence is clear that claimant sustained a serious injury. The employer and the carrier paid compensation until the claimant returned to work. The employer was more than generous to its injured employee. It paid him his full salary for a number of years and then paid one-half the salary from March 15, 1919, to June 27, 1925. Since that time the carrier has paid compensation at the rate of fifteen dollars a week. The carrier's position here is that it had no notice of the fact that the injured employee was not working. The notice which the employer had is notice to the carrier. (Workmen's Comp. Law, § 54, subd. 2.) The employer had notice of the fact that claimant suffered temporary total disability and it agreed to pay compensation accordingly. The carrier had notice of the accident, the injury and also of the fact that claimant sustained temporary total disability. Then, too, the carrier had paid compensation from 1925 to date. I fail to see how the carrier was prejudiced in any aspect. The medical testimony shows that nothing could have been done to change the result of claimant's condition. There is no evidence to indicate that the carrier was prejudiced in any way. The fact that no receipts were filed with the Commission is not fatal. That is simply a matter of procedure. The injuries which the claimant sustained arose out of and in the course of his employment. The medical testimony is ample to establish causal relation between the accident and the disability of the claimant as found by the Board. All the equities in this case are with the employer. The carrier is simply relying on some technical rules to defeat a recovery. I think the determination of the Industrial Board was right and just and that we should affirm it.